IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE TURNER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00200 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD CLARKE, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Clarence Turner, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Amherst County Circuit Court. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

I.

On August 21, 2008, the Amherst County Circuit Court convicted Turner of two counts of robbery, in violation of Virginia Code § 18.2-58; attempted robbery, in violation of Virginia Code §§ 18.2-58 and 18.2-26; abduction, in violation of Virginia Code § 18.2-47; wearing a mask in public, in violation of Virginia Code § 18.2-422; and five counts of using a firearm in the commission of a felony, in violation of Virginia Code § 18.2-53.1. The circuit court sentenced Turner to a total of 99 years' incarceration, with 76 years suspended. According to his petition, Turner appealed unsuccessfully to the Court of Appeals of Virginia, and the Supreme Court of Virginia denied his subsequent appeal on December 9, 2009. Turner did not appeal to the Supreme Court of the United States. On October 15, 2013, Turner filed a petition for a writ of habeas corpus with the circuit court, which he states was dismissed as untimely filed and without merit. Turner appealed that decision to the Supreme Court of Virginia, which

denied his appeal on November 17, 2014.

Turner filed the instant petition on April 12, 2015. *See* R. Gov. Section 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Turner that the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. Turner responded and asserted that his petition is timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D).[1]

II.

Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).[2] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition may be dismissed by a federal district court after appropriate notice is given to the petitioner. *See Hill*, 277 F.3d at 707.

Turner alleges that his petition is timely filed under § 2244(d)(1)(D) because he could not have discovered his claims until the Supreme Court of Virginia's decision on November 1, 2012, in *Brown v. Commonwealth*, 733 S.E.2d 638 (Va. 2012).[3] However, Turner's petition is not

---

[1] Turner did not argue timeliness under subsections (A) through (C).

[2] The one-year period begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[3] In *Brown*, the state court held that "multiple sentences imposed pursuant to [Virginia] Code § 18.2-53.1

2

based on new facts; rather, it is based on new law. Accordingly, the holding in *Brown* did not reset the federal limitations period for Turner's petition and § 2244(d)(1)(D) is inapplicable.[4]

Under § 2244(d)(1)(A), Turner's conviction became final on March 9, 2010, when his time to file a direct appeal to the Supreme Court of the United States expired. Therefore, Turner had until March 9, 2011 to timely file a federal habeas petition. Turner did not meet this deadline; in fact, by that date, Turner had not yet filed his state habeas petition.[5] Accordingly, Turner's federal petition is time barred unless he demonstrates grounds for equitable tolling of the limitations period.[6]

Equitable tolling is available only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted) (citing *Harris*, 209 F.3d at 330). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Turner's lack of knowledge about legal process or the statutory deadline for federal

---

may run concurrently." 733 S.E.2d at 640. In reaching that result, the court overruled precedent that stated such sentences "may not be run concurrently." *Id.* at 639. Turner was convicted of five counts under Virginia Code § 18.2-53.1, and the circuit court ran the sentences on these convictions consecutively. Thus, Turner alleges that these consecutive sentences are now unlawful in light of *Brown*.

[4] The court notes that even if it used Turner's date of November 1, 2012, to start the limitations period, his federal habeas petition would still be untimely. Turner filed his federal habeas petition on April 12, 2015, almost two and half years after November 1, 2012. Turner's state habeas petition was not "properly filed" and, therefore, did not toll the limitations period. § 2244(d)(2) (The one-year limitations period is tolled while a prisoner's "properly filed application for state post-conviction or other collateral review" is "pending."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (time limits on state petitions are "condition[s] to filing," and that an untimely petition would not be deemed "properly filed").

[5] Turner's one-year limitation period had already run by the time he filed his state habeas petition; therefore, Turner's state petition did not toll the limitations period. § 2244(d)(2).

[6] Turner's allegations do not support running the limitations period pursuant to §§ 2244(d)(1)(B) or (d)(1)(C).

3

habeas relief does not support granting such extraordinary relief. *Harris*, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Turner from filing a timely petition. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that *pro se* status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or *pro se* status does not toll limitations period). Accordingly, Turner is not entitled to equitable tolling. Turner filed his federal habeas petition more than one year after the limitations period began to run, and, therefore, the court dismisses the petition for a writ of habeas corpus as time barred.

    Entered: January 5, 2016.

                              */s/ Elizabeth K. Dillon*
                              Elizabeth K. Dillon
                              United States District Judge